## RUSSELL, Estate of, In re.

Probate Court, Hamilton County.

No. 171743. Decided March 29, 1951.

Erastus S. Allen, Cincinnati, for widow of Alfred Russell, deceased.

Frank J. Richter, Assistant U. S. District Attorney, Cincinnati, for United States of America.

Frank A. Gallagher, Gilbert A. Horn, Chicago, Ill., for Department of Agriculture.

### OPINION

By DAVIES, J.

The testimony in this case shows that before his death on June 28, 1948, Alfred Russell, while employed by the Bureau of Agricultural and Industrial Chemistry of the United States Department of Agriculture, at Peoria, Illinois, discovered a method of making a substance which resembles Lignin, which invention might lead to the manufacture, synthetically, of a product having the actual chemical composition of Lignin, which might or might not be usable in facilitating the growth of certain plant life.

The administrator has listed in the inventory of Mr. Russell's estate an item designated as "Invention entitled New Class of Polymeric Materials and Processes for Producing Them. Patent Application Serial No. 50234, filed September 18, 1948, before the Commissioner of Patents, U. S. Patent Office," which item has been appraised at $1000.00. The United States of America has filed a motion to strike that item

from the inventory for the alleged reason that this invention is the property of the United States and not of the decedent. The Government claims ownership of the invention because of a contract of employment of Mr. Russell by the Government, under the terms of which, the Government alleges, any invention made by him would belong to the Government. The administrator contends that the employment contract does not establish such ownership of the invention in the Government. Neither the Government nor Mr. Russell during Mr. Russell's lifetime made an application for the granting of a patent on the invention.

The right to obtain a patent, which is purely a statutory right, is limited to the person who has made or discovered the invention. This person, characterized as "any person" alone has the right of applying for and obtaining the patent.

R. S. 4886, 35 USC 31. "Inventions patentable. Any person who has invented or discovered any new and useful art, machine, manufacture or composition of matter * * * may upon payment of the fees required by law and other due proceedings had, obtain a patent therefor."

As to the due proceedings, R. S. 4892, 35 USC 35 requires:

"The applicant shall make oath that he does verily believe himself to be the original and first inventor or discoverer of the art, machine, manufacture, composition, or improvement, or of the variety of plant, for which he solicits a patent;"

The exception to this right to obtain a patent is found in R. S. 4896, 35 USC 46, which is as follows:

R. S. 4896, 35 USC 46. "Death or insanity of inventor. When any person, having made any new invention or discovery for which a patent might have been granted, dies before a patent is granted the right of applying for and obtaining the patent shall devolve on his executor or administrator, in trust for the heirs at law of the deceased, in case he shall have died intestate * * *." (Italics ours.)

As shown by the inventory, Mr. Russell's administrator filed, on September 18, 1948, a patent application before the Commissioner of Patents, U. S. Patent Office, covering Mr. Russell's invention. Such patent has not yet been granted.

Under these circumstances, we do not believe that the Probate Court is authorized, or at present able, to determine who is the owner of the invention and patent rights of the "New Class of Polymeric Materials and Processes for Producing Them" listed as one item in the decedent's inventory.

We arrive at this conclusion because the law provides that when **any** person (including and not excluuding a person who worked in any capacity for the United States Government),

having made any new invention or discovery for which a patent might have been granted, dies before the patent is granted, the right of applying for and obtaining the patent devolves upon his executor or administrator. As noted, under the statute, not only is the right of applying for the patent exclusively restricted to the administrator of the deceased inventor, but the right of obtaining the patent also devolves upon the administrator.

How can this or any other court determine the property rights of adverse parties in a "patent" which has not been granted? Until a patent is granted, the representative of the decedent and the Government, in the instant case, can have only a prospective or conditional property right in the contemplated patent, and the invention and the patent application have been listed and appraised in the inventory as a single item. We do not feel that it would be advantageous to the Government, even if, upon proper motion, the court would separate the questioned item into two items (the invention and the pending patent), and then attempt to determine the ownership of the invention separate from the ownership of the anticipated "patent" of the invention, because the real value of the invention to either party will be established when a patent has been granted on the invention, and, as noted, only the administrator of the deceased inventor, in the present case, has a right of applying for and obtaining such a patent. If this court undertook to separate the item in the inventory listing the value of the invention and the pending patent application, and then attempted to determine which party, the administrator or the Government, owns the invention, how, if the court should find that the Government owns the invention, would it be possible for the Government to secure a patent?

Recapitulating, it strikes us that the Government, in asking the court to determine the ownership of the invention and the patent (as the inventory now stands), or, if it would ask the court to separate the item in the inventory and determine the ownership of the invention alone, is faced with a legal dilemma. As indicated, on one horn of the dilemma, the court cannot determine the ownership of a patent which has not been granted. And, on the other hand, if, upon proper motion, the court would find that the decedent had no interest in the invention, then the Government would be in the predicament of not being able to get a patent on the invention, and, likewise, if the decedent did not have an interest in the invention, his administrator could not make an application for and obtain a patent.

606

When and if a patent is granted to the administrator for his decedent's invention, such administrator, as a representative of the decedent's estate, will have, for the first time, a recorded property right, which may be merely legal, equitable, or both, in the patent granted. At that time, the question of the ownership in the patent can be submitted to a court of competent jurisdiction for final determination.

We conclude, therefore, that the Government's motion to strike the item relating to the invention **and** the patent is prematurely brought and will be overruled.